UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ADAM JOHN DIGIOVANNI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No_____ |
| | ) |
| -vs- | ) Hon. _____ |
| | ) |
| CITY OF STERLING HEIGHTS and | ) |
| OFFICER WILSON, SGT. LYNN, | ) |
| OFFICER LEAK, | ) |
| OFFICER KIRKLIN, | ) |
| OFFICER CONOVER, | ) |
| OFFICER SHEHU, | ) |
| DETECTIVE N. ABRAM | ) |
| in their individual capacity, & | ) |
| YAMILLIES ALTAGRAC JIMENEZ- | ) |
| RODRIGUEZ, | ) |
| ANDREW M. JIMENEZ, & | ) |
| YAMILLIES JOSEFINA JIMENEZ, | ) |
| Jointly and severally | |
| Defendants. | |
_____/

PADILLA LAW GROUP
S. WESLEY COMPTON (P75103)
Attorney for Plaintiff
1821 W. Maple Rd.
Birmingham, MI 48009
(248) 593-0300/Fax: (248) 593-0301
wcompton@padillalegal.com

THE MARK SISSON LAW FIRM, PLLC
MARK E. SISSON (P75250)
Attorney for Plaintiff
30200 Telegraph Rd. Ste. 102
Bingham Farms, MI 48025
(248) 829-3088/ Fax: (734) 655-9045
msisson@marksissonlaw.com
adupuis@marksissonlaw.com

1

> There was an action arising out of the same transaction or occurrence as alleged in the complaint. The action was filed in 41A District Court, Judge Kimberly Anne Wiegand, Case No. 20-004959P-SM. The case is no longer pending.

## COMPLAINT AND JURY REQUEST

NOW COMES the above-named Plaintiff, ADAM JOHN DIGIOVANNI through his attorneys, PADILLA LAW GROUP, by S. WESLEY COMPTON and THE MARK SISSON LAW FIRM, PLLC, by MARK E. SISSON and for his Complaint against the above-named Defendants, state as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC §1983 and 1988, and the 4th, 1st and 14th Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan against Defendants.

2. This lawsuit arises out of events occurring within the City of Sterling Heights, County of Macomb, State of Michigan.

3. Jurisdiction is based upon 28 USC § 1331, and 1343.

4. Venue is proper under 28 USC § 1391(b).

## PARTIES

5. Plaintiff ADAM JOHN DIGIOVANNI (hereinafter Plaintiff) is a citizen of the State of Michigan and resides in Detroit, Michigan.

6. Upon information and belief the City of Sterling Heights is a municipality located in Sterling Heights, County of Macomb, State of Michigan.

7. Upon information and belief, the individually named Defendants OFFICER WILSON, SGT. LYNN, OFFICER LEAK, OFFICER KIRKLIN, OFFICER CONOVER, OFFICER SHEHU, and DETECTIVE N. ABRAM are citizens of the state of Michigan and, at all times relevant to this lawsuit, were employed as police officers at the Sterling Heights Police Department in Sterling Heights, Michigan and are sued in their individual capacities.

8. Upon information and belief, the individually named Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, YAMILLIES JOSEFINA JIMENEZ, Jointly and severally, citizens of the state of Michigan and, at all times relevant to this lawsuit, were residents of Sterling Heights, Michigan, County of Macomb.

## COMMON FACTUAL ALLEGATIONS

8. The forgoing factual allegations are purported by Plaintiff, Adam John Digiovanni, supported by Defendant, Officer Conover's Summary Report (herein after Report) and established by Defendant Officer Conover's BWC video for August 21, 2020, Defendant Officer Wilson's BWC video for August 21, 2020, Defendant Sgt. Lynn' BWC video for August 21, 2020, Defendant Officer Leak's BWC video for August 21, 2020, Defendant Officer Kirklin's BWC video for August 21, 2020, Defendant Officer Shehu's BWC video for August 21, 2020, Defendant Detective Abram Supplemental Report (herein after Supplemental Reports) for August 21, 2020 as well as witness statements and inter-office investigative reports possessed by Defendants.

9. The forgoing factual allegations are purported by Plaintiff, Adam John Digiovanni, as supported by Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, AND YAMILLIES JOSEFINA JIMENEZ,

3

Jointly and severally, various video footage including, but not limited to: multiple ring camera systems and cell phone footage possessed by defendants.

9. On August 21, 2020, Plaintiff, Adam John Digiovanni, was attempting to perform a custody exchange of his minor child.

10. The custody exchange was manipulated by Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, YAMILLIES JOSEFINA JIMENEZ to thwart, restrict, impede, and otherwise halt Plaintiff, Adam John Digiovanni's ability to obtain his minor child.

11. On his way to his vehicle, Plaintiff, John Adam Digiovanni was accosted by Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, YAMILLIES JOSEFINA JIMENEZ, to wit these Defendants impeded Plaintiff, John Adam Digiovanni's exit and furthermore damaged his vehicle and physically assaulted him.

12. That the Defendants, OFFICER WILSON, SGT. LYNN, OFFICER LEAK, OFFICER KIRKLIN, OFFICER CONOVER, OFFICER SHEHU, illegally and without any probable cause, forcibly arrested Plaintiff, John Adam Digiovanni, in front of his minor child and placed him in custody.

13. That Defendant DETECTIVE N. ABRAM, ignored exculpatory evidence in an attempt to cover-up the actions of her fellow Defendant Officers and proceeded with submission of uninvestigated allegations to the Macomb County Prosecutors resulting in unfounded charges against.

14. That all charges were dismissed by the Macomb Prosecutors office on the day of Jury Trial.

## COUNT I
## 42 U.S.C. §1983 – VIOLATION OF THE 4TH AND 14TH AMENDMENTS

33.   Plaintiff, Adam John Digiovanni (herein after Plaintiff) incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

34.   Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendant Officers, as well as the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

35.   The degree of force used by the Defendant Officers was objectively unreasonable and excessive in light of the circumstances.

36.   The conduct of the Defendant Officers in using excessive force violated Plaintiff's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

37.   On August 21, 2020, Defendant Officers, without probable cause, arrested the plaintiff for Domestic Violence Assault and Battery.

38.   At all times relevant, Defendant Officers, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the 4th Amendment to the United States Constitution.

39.   The conduct of the Defendant Officers violated 42 U.S.C. §1983.

40.   By violating Plaintiff's constitutional right under the Fourth Amendment, Defendant Officers acted intentionally or with deliberate indifference and/or with reckless disregard of Plaintiff's constitutional rights.

41. The constitutional right which the Defendant Officers violated was clearly established at the time that the violation occurred and a reasonable person in the Defendant Officers position would have understood that the conduct violated said right.

42. Defendant Officers are therefore not entitled to qualified immunity.

43. By virtue of the Defendant Officers actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

    a. Emotional trauma;

    b. Physical pain and suffering and discomfort, past, present and future;

    c. Mental anguish;

    d. Fright and shock;

    e. Denial of social pleasures and enjoyment;

    f. Embarrassement, humiliation or mortification;

    g. Medical bills and legal expenses;

    h. Other economic loss;

    i. Any and all injuries later discovered or otherwise allowed under Michigan law and Federal law.

44. By virtue of the Defendant Officers actions, Plaintiff is entitled to recover compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT II
## 42 U.S.C. §1983 – VIOLATION OF THE 1ST AND 14TH AMENDMENTS

45. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. Plaintiff was exercising his right to free speech and protest immediately prior to his unlawful seizure.

47. Plaintiff was within his rights to question the behavior of the Defendant Officers and did so in a lawful and peaceable manner.

48. Defendant Officers actions directly interfered with Plaintiff's free expression of speech, press, and/or association.

49. Defendants' use of unlawful excessive force, unlawful seizure, unlawful detention, and later malicious prosecution, were all in retaliation against Plaintiff's exercise of free speech and protest as well his constitutional to refuse an invalid arrest.

50. Plaintiff has the right to be free of retaliatory action motivated by his exercise of his First Amendment rights.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT III
## 42 U.S.C. §1983 – UNLAWFUL ARREST WITHOUT PROBABLE CAUSE

51. At all times relevant, Plaintiff conducted himself in a lawful manner exercising his right to free speech and protest.

52. Plaintiff was attempting to leave the custody exchange Defendant Officers illegally detained and arrested Plaintiff

53. Defendants had no actual knowledge nor reasonably trustworthy information that Plaintiff had or was about to commit a crime, and in fact were provided video evidence that no such crime committed.

54. A reasonably cautious person in the circumstances would have believed that Plaintiff had not committed a crime nor was intending to commit a crime.

55. A reasonably cautious person in the circumstances would have believed that Plaintiff was attempting to leave the premises.

56. Defendant Officers were without probable cause in, arrest, detention, and prosecution of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT IV
## ABUSE OF PROCESS

57. Plaintiff incorporates by reference paragraphs 1 through 56.

58. That Defendant Detective Abram abused the criminal investigatory process by using it for her ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Plaintiff's professional reputation, and damage to Plaintiff's community reputation and as retaliation for Plaintiff's claim that he had been illegally detained and arrested, and Plaintiff's demand that the assault and destruction of his property were not being investigated. This use of the process was not legitimate, regular, or legal.

59. That Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, AND YAMILLIES JOSEFINA JIMENEZ abused the criminal investigatory process by using it for her ulterior motive or purpose to cause vexation, trouble, embarrassment, damage to Plaintiff's professional reputation, and damage to Plaintiff's community reputation and as retaliation for Plaintiff's filing a claim for custody of his Minor Child.

60. As a corroborating act of Defendant Detective Abram improper purpose, she submitted findings of allegations to the Macomb County Prosecutors Office in its investigation, when Defendant knew or should have known that the information in that document was false.

61. As a corroborating act of Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, YAMILLIES JOSEFINA JIMENEZ submitted allegations assault, when Defendant knew or should have known that the information false.

62. As a further corroborating act, Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, YAMILLIES JOSEFINA JIMENEZ repeated the false allegations against Plaintiff contained in the investigative reports, statements made during the course of the investigation.

63. The allegations and misuse of the criminal investigatory process was improper since Defendants Detective Abram and Defendants YAMILLIES ALTAGRAC JIMENEZ-RODRIGUEZ, ANDREW M. JIMENEZ, YAMILLIES JOSEFINA JIMENEZ knew, or should have known, that the allegations regarding Plaintiff's actions were false.

64. As a direct result of Defendant's abuse of the criminal investigatory process, Plaintiff's professional reputation has been damaged, and he has suffered mental anguish.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT V
## GROSS NEGLIGENCE/NEGLIGENCE
## (ALL DEFENDANTS)

65. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

66. That Defendants were negligently, grossly negligently, recklessly, willfully, wantonly, maliciously and/or intentionally refusing to use due care to ascertain to a probable degree of certainty that Plaintiff had committed a criminal offense prior to arresting Plaintiff.

67. That the acts and/or omissions of Defendant Officers, includes, but is not limited to, failing to release Plaintiff when there was no probable cause to detain, arrest or search Plaintiff, failing to intervene but instead using excessive force in arresting Plaintiff, which was grossly negligent, reckless, willful and wanton, violation of police general orders and such conduct is outside the scope of any claims of governmental immunity.

68. That Defendants' actions complained of herein are against police policies and regulations and are outside the scope of governmental immunity.

69. That the acts complained of herein on the part of Defendants as Sterling Heights Police Officers were in violation of the Sterling Heights Police Department's policies, customs and/or practices.

70. That Defendants' acts and/or omissions complained of herein were willful, wanton and grossly negligent in violation of Plaintiff's Michigan constitutional rights to life, safety, and general welfare.

71. That it was/is the duty of Defendants to use due care and caution and not intentionally expose Plaintiff to harm or injury.

72. That notwithstanding said duties, Defendants as Sterling Heights Police Officers, breached and were negligent and/or grossly negligent in that:

a. On August 21, 2020, Defendants negligently failed to perform a proper investigation to determine if there was probable cause to arrest or detain Plaintiff, but instead unjustly detained and arrested Plaintiff and conspired to create probable cause to arrest and prosecute Plaintiff;

b. That as a direct and proximate result of the tortious conduct of Defendants, Plaintiff has sustained severe and permanent personal injury, both physical and mental, which injuries have caused and in the future continue to cause great pain and suffering, fright, shock, mental anguish, embarrassment, humiliation, mortification, aggravation, and/or depressive neurosis, traumatic neurosis, psychiatric injury, loss or impairment of social and recreational pleasures, loss of property, both real and personal, loss or impairment of earning capacity and/or wages, deprivation of freedom of motion, and disgrace;

c. Furthermore, as a proximate result of the tortious conduct of Defendants, the Plaintiff has incurred, and in the future may additionally incur expenses for the diagnosis and treatment of his injuries and for psychotherapy.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## COUNT VI
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

73. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

74. That Plaintiff sustained psychological, mental and emotional injury as a result of the actions by the Defendants, including failure to protect, assault and battery, malicious prosecution, unlawful seizure and violation of due process described herein.

75. That the acts complained of herein constitute grossly negligent infliction and/or negligent infliction of emotional distress upon Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendants in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

## JURY DEMAND

Plaintiff, ADAM JOHN DIGIOVANNI hereby demands a trial by jury.

                                        Respectfully submitted,
                                        PADILLA LAW GROUP

                                        ***/s/  S. Wesley Compton***
                                        S. WESLEY COMPTON (P75103)
                                        1821 W. Maple Rd.
                                        Birmingham, MI 48009
                                        (248) 593-0300/Fax: (248) 593-0301
Dated: June 5, 2023                 wcompton@padillalegal.com